RENDERED: NOVEMBER 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1332-MR

DAVID SCOTT TATE                                                              APPELLANT

v.
APPEAL FROM MENIFEE CIRCUIT COURT
HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 17-CR-00003

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; JONES AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: David Scott Tate appeals from an order of the Menifee

Circuit Court which denied his motion for pretrial jail-time credit. We believe

further proceedings are necessary; therefore, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On February 23, 2017, Appellant was indicted on one count of operating a motor vehicle while under the influence of alcohol or other intoxicants[1] and murder.[2]  The charges arose after he caused an accident while driving intoxicated.  On March 9, 2017, Appellant was arraigned and released on bond.  One of the conditions of the bond was that Appellant was placed on house arrest.  He could only leave his house to attend doctor appointments, appointments with his lawyer, or court dates.  One of the reasons Appellant was placed on house arrest was due to significant injuries he sustained in the car accident and the concern that local jails might have trouble accommodating such injuries.

On January 14, 2019, Appellant entered a guilty plea.  Pursuant to a plea agreement, Appellant pleaded guilty to second-degree manslaughter.[3]  The driving under the influence charge was dismissed.  As part of the plea agreement, Appellant agreed to give up any pretrial jail-time credit he received while on house arrest.  In total, Appellant spent 735 days on house arrest.  Appellant was then sentenced, pursuant to the agreement, to ten years in prison.

---

[1] Kentucky Revised Statutes (KRS) 189A.010.

[2] KRS 507.020.

[3] KRS 507.040.

Beginning in late 2020, Appellant began seeking pretrial custody credits from the Kentucky Department of Corrections and the Kentucky Justice and Public Safety Cabinet. He argued that the time he spent on pretrial house arrest entitled him to jail-time credit. These credit requests were denied.

On June 2, 2021, Appellant, through counsel, filed a motion with the Menifee Circuit Court seeking pretrial custody credits. The Commonwealth opposed the motion arguing that Appellant was not under a home incarceration program as contemplated by the relevant statutes because he was not wearing a GPS monitor.[4] The Commonwealth also argued that Appellant was not entitled to jail-time credit because he waived said credits as part of his plea agreement. The trial court denied the motion, but did not give a reason for doing so. This appeal followed.

## ANALYSIS

KRS 431.517(1) states that "home incarceration may be ordered as a form of pretrial release, subject to the conditions imposed by the provisions of KRS 532.200 to 532.250." Also, KRS 532.120 states in relevant part:

> (3) Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the Department of Corrections toward service of the maximum term of imprisonment in cases involving a felony sentence and by the sentencing court in all other cases. If the sentence

---

[4] These statutes will be discussed further below.

-3-

is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of the sentence shall be considered for all purposes as time served in prison.

. . . .

(7) As used in subsections (3) and (4) of this section, time spent in custody shall include time spent in pretrial home incarceration pursuant to KRS 431.517, subject to the conditions imposed by KRS 532.245.

In addition, the current version of KRS 532.245 states:

(1) Time spent in pretrial home incarceration pursuant to KRS 431.517 shall be credited against the maximum term of imprisonment assessed to the defendant upon conviction. Notwithstanding KRS 532.200, a defendant who spent time in pretrial home incarceration pursuant to KRS 431.517 shall not be required to have participated in a global positioning monitoring system program [GPS] to receive credit. Time credited under this section shall be calculated in accordance with KRS 532.120.

(2) Violation of the terms of pretrial home incarceration shall be deemed an interruption of the defendant's home incarceration. The interruption shall begin at the time of the violation and shall continue until a court revokes home incarceration or otherwise acts on the violation. Time spent in pretrial home incarceration prior to the violation shall be credited against the maximum term of imprisonment assessed to the defendant upon conviction for the original charge.

(3) This section shall apply to defendants sentenced on or after July 12, 2012.

At the time Appellant filed the motion seeking jail-time credit, KRS 532.245(1) did not have the language regarding the GPS monitoring device. The current version of KRS 532.245(1) came into effect during the pendency of this appeal.

Appellant's argument on appeal is that he was in pretrial home incarceration pursuant to the above statutes and he is entitled to custody credit. The Commonwealth disagrees and argues that Appellant was not on home incarceration because he was not fitted with a GPS monitoring device. The Commonwealth also argues that Appellant failed to exhaust his administrative remedies.

As to the Commonwealth's administrative remedies argument, a defendant must first pursue administrative remedies with the Department of Corrections before a motion can be filed with the circuit court seeking pretrial jail-time credit. *Sanders v. Commonwealth*, 600 S.W.3d 266, 268 (Ky. App. 2020). The record is clear that Appellant fulfilled his administrative duties before seeking redress with the courts. He contacted the relevant administrative departments seeking his credits.

The main issue on appeal is whether Appellant was on home incarceration pursuant to the above statutes. As previously mentioned, the Commonwealth argued at the trial level that Appellant was not on home incarceration because KRS 532.200(2) states that home incarceration requires the

use of a monitoring device, such as a GPS. Appellant was not required to wear a

GPS device while on house arrest. We believe it is most likely that the trial court

denied Appellant's motion for jail-time credits based on the lack of GPS monitor

as that was the most straightforward issue and was determinative of the motion.

The trial court was correct in its ruling at the time. The problem arises that while

the appeal was pending, KRS 532.245 was amended and the use of a GPS monitor

is no longer required in order for a defendant to receive jail-time credit while on

home incarceration prior to trial. We must determine if the current version of KRS

532.245 applies to Appellant.

As the proper interpretation of a statute is purely a legal issue, our

review is *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003)

(citations omitted).

> The right to jail-time credit is derived purely from
> statute. As such, it is governed by and interpreted
> according to legislative intent. As with any case
> involving statutory interpretation, our duty is to ascertain
> and give effect to the intent of the General Assembly.
> The Legislature is presumed to be aware of the existing
> law at the time of enactment of a later statute and,
> therefore, intent can be readily ascertained from both
> maintenance and alteration of a statute.

*Sanders*, 600 S.W.3d at 270 (internal quotation marks and citations omitted).

The current version of KRS 532.245(3) states that it applies to

"defendants sentenced on or after July 12, 2012." This language did not change

from the previous version of the statute. The question then becomes does the new language, where a defendant is no longer required to have GPS monitoring, apply to defendants sentenced after July 12, 2012, or does it only apply to defendants sentenced after the effective date of the current version, July 14, 2022? The legislature chose not to change KRS 532.245(3) when enacting the new version of the statute, the new GPS monitoring provision applies to all defendants sentenced after July 12, 2012. That means Appellant was not required to have a GPS monitor for him to receive jail-time credit for home incarceration.

However, because the relevant statute has changed and the trial court did not need to fully examine all the requirements for home incarceration at the time it ruled on Appellant's motion, we must remand this case to the trial court. The court must determine if Appellant's house arrest met the conditions of home incarceration.

> The conditions of home incarceration shall include the following:
>
> > (1) The home incarceree shall be confined to his home at all times except when:
> >
> > > (a) Working at approved employment or traveling directly to and from such employment;
> > >
> > > (b) Seeking employment;
> > >
> > > (c) Undergoing available medical, psychiatric, or mental health treatment or

approved counseling and after care programs;

(d) Attending an approved educational institution or program;

(e) Attending a regularly scheduled religious service at a place of worship; and

(f) Participating in an approved community work service program;

(2) Violation of subsection (1) of this section may subject the home incarceree to prosecution under KRS 520.030 (escape);

(3) The home incarceree shall conform to a schedule prepared by a designated officer of the supervising authority specifically setting forth the times when he may be absent from the home and the locations where he may be during those times;

(4) The home incarceree shall not commit another offense during the period of time for which he is subject to the conditions of home incarceration;

(5) The home incarceree shall not change the place of home incarceration or the schedule without prior approval of the supervising authority;

(6) The home incarceree shall maintain a telephone or other approved monitoring device in the home or on his person at all times;

(7) Any other reasonable conditions set by the court or the supervising authority including:

(a) Restitution under KRS 533.030;

(b) Supervision fees under KRS 439.315; and

(c) Any of the conditions imposed on persons on probation or conditional discharge under KRS 533.030(2);

(8) A written and notarized consent agreement shall be filed with the court by every adult who will share the offender's home during the term of home incarceration; and

(9) Any supervision fee or other monetary condition, except restitution, shall be paid by the defendant directly to the person or organization specified by the court in a written order, except that any such fees or monetary conditions owed to the Department of Corrections shall be paid through the circuit clerk.

KRS 532.220.

Finally, we must address the fact that Appellant's plea agreement stated that he was waiving any pretrial jail-time credits he was entitled to. Appellant claims waiving these credits would amount to an illegal sentence because the credits are mandatory. We agree. "[T]he general rule that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment absolutely void." *Weems v. United States*, 217 U.S. 349, 381-82, 30 S.Ct. 544, 555, 54 L. Ed. 793 (1910). Our Kentucky Supreme Court has also held that criminal punishments that go against

-9-

statutes or are in excess of the lawful range of punishment are not permitted. *McClanahan v. Commonwealth*, 308 S.W.3d 694, 698 (Ky. 2010).

Here, Appellant pleaded guilty to second-degree manslaughter. This is a Class C felony. KRS 507.040(2). Class C felonies cannot exceed ten years in prison. KRS 532.060(2)(c). Appellant was sentenced to ten years in prison, but he was on house arrest for over two years. If Appellant was on home incarceration as he claims, then he would have a twelve-year sentence. This is not permitted. In addition, KRS 532.120(3) and KRS 532.245(1) state that a defendant "shall" receive jail-time credit for time spent on home incarceration. "Shall" is mandatory. KRS 446.010(39). The requirement in Appellant's plea agreement that he must waive his pretrial jail-time credits is void. The rest of the plea agreement is valid and this Opinion should not be read to in any way vacate or reverse Appellant's sentence.

## CONCLUSION

Based on the foregoing, we reverse and remand. On remand, the trial court shall determine if Appellant was on home incarceration pursuant to the relevant statutes. The court should also keep in mind that Appellant could not lawfully waive his ability to receive jail-time credit for home incarceration.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANT:

David Scott Tate, *pro se*
Pineville, Kentucky

BRIEFS FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky